UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORP.,
GM DE MEXICO S. DE R.L. DE C.V.,
and GENERAL MOTORS OF CANADA, LTD,

    Plaintiffs,

v.

Case No. 08-12671
Hon. Lawrence P. Zatkoff

ALBERT WEBER GMBH and
WEBER AUTOMOTIVE CORP.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 11, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' motion for partial dismissal [dkt 21]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion for partial dismissal is DENIED.

**II. BACKGROUND**

Plaintiff General Motors Corp. ("GM") is an automobile manufacturer headquartered in Detroit, Michigan. Plaintiffs GM de Mexico S. De R.L. De C.V. ("GM Mexico") and GM of

Canada, Ltd., are subsidiaries of GM whose nomenclature makes obvious their respective locales.

Defendant Albert Weber GMBH ("Albert Weber") is a German entity that produces specialized automotive parts and supplies its products to automobile manufacturers such as GM. Defendant Weber Automotive Group is a South Carolina-based affiliate of Albert Weber.

In 2006 and 2007, the parties negotiated agreements under which Defendants were to supply Plaintiffs with automobile parts for use in Plaintiffs' manufacturing facilities. Defendants were to supply cylinder blocks for Plaintiffs' LSA and LS9 programs, and crankshafts for Plaintiffs' LST, LS8, and LS7 programs. No formal contract was executed; instead, the parties proceeded by issuing a series of purchase-order agreements. Amongst these were purchase orders issued by GM Mexico under which Defendants were to supply crankshafts to GM Mexico for assembly in High Feature V6 engines.

Plaintiffs allege that Defendants suffered financial difficulties that ultimately resulted in their inability to comply with their obligations under the purchase orders. As a result, in November 2008, Plaintiffs terminated all purchase-order agreements with Defendants. Immediately thereafter, Plaintiffs initiated this action seeking a judicial declaration that their terminations were valid. Plaintiffs have since amended their complaint [dkt 4] to include four breach-of-contract claims, a claim-and-delivery claim, and a conversion claim. Defendants filed a counterclaim [dkt 11], which they later amended [dkt 17], charging Plaintiffs with breaching the purchase-order agreements and demanding $211,729,659 in damages. The counterclaim has been stayed as to GM pending its bankruptcy proceedings.

Defendants have moved to partially dismiss Plaintiffs' amended complaint. The current motion pertains only to those purchase orders involving the supply of crankshafts by Defendants to

GM Mexico, and only to the allegations that Defendants did not provide adequate assurances of performance prior to Plaintiffs' termination of the agreements.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV. ANALYSIS

Defendants seek the dismissal of Plaintiffs' allegations that Defendants breached the

purchase orders by not responding to Plaintiffs' demands for adequate assurance of performance. Defendants contend that Mexican law controls the litigation as to the GM Mexico purchase orders, and they maintain that Mexican law does not recognize demands for adequate assurance of performance or allow for termination of a contract if such assurances are not provided.

Plaintiffs challenge the motion on three grounds. First, they argue that Defendants improperly attack only certain allegations, rather than identifying a "claim" that Plaintiffs have failed to state. They further aver that their claim for declaratory relief would survive without the contested allegations. Second, Plaintiffs insist that Defendants' cited Mexican authorities fail to establish that Mexico does not recognize demands for adequate assurance of performance. Finally, Plaintiffs posit that Mexican law actually supports such a demand—at least when included as part of a bargained-for agreement.

Defendants expend substantial effort attempting to convince the Court that Mexican law applies to the GM Mexico purchase orders. Because Plaintiffs accept that premise for purposes of the present motion, the Court will likewise assume that Mexican law controls.

The parties' recitation of Mexican statutes, provisions, and case law establishes little. Defendants cite certain provisions suggesting that Mexican law recognizes only an actual breach of a contract. Plaintiffs argue that the clear and express terms of a contract will be enforced under Mexican law, including the repudiation provisions in the purchase agreements at issue. Defendants respond that a demand for adequate assurance would contravene public policy, and Mexican law would proscribe its enforcement on that basis.

Thus, the parties reach a standstill. Defendants are unable to cite any provision explicitly prohibiting a demand for adequate assurance of performance, and Plaintiffs cannot supply any

4

authority explicitly approving the practice.

The Court finds that the resolution of this issue is unnecessary. Plaintiffs' action is premised on the following paragraph of the GM Mexico purchase orders:

> Buyer reserves the right to terminate all or any part of this contract, without liability to Seller, if Seller (a) repudiates or breaches any of the terms of the contract, including Seller's warranties (b) fails to perform services or deliver goods as specified by Buyer (c) fails to make progress so as to endanger timely and proper completion of services or delivery of goods and does not correct such failure or breach within 10 days (or such shorter period of time if commercially reasonable under the circumstances) after receipt of written notice from Buyer specifying such failure or breach.

Plaintiffs' complaint alleges that, starting in Fall 2007, Albert Weber began to experience financial difficulties that resulted in non-compliance with its obligations under the purchase orders. Plaintiffs offered to provide certain accommodations contingent upon receiving adequate assurance that Albert Weber would perform its obligations. When Albert Weber purportedly refused to give such assurances without additional accommodations and/or concessions, Plaintiffs terminated the contracts. Plaintiffs also allege that Weber Automotive Group similarly failed to adhere to the terms of the purchase agreements.

Defendants may be correct that Mexico has not created a statutory equivalent to U.C.C. § 2-609 allowing a party to demand adequate assurance of performance. However, Plaintiffs do not draw on a statutorily-created right to justify their termination of the agreements; rather, they rely on the express terms of their agreements with Defendants. Plaintiffs allege that Defendants' conduct, including their failure to assure performance, constituted a repudiation and/or breach of the purchase agreements. Because Plaintiffs allege an express breach of the agreements, the Court need not determine whether Mexican law recognizes an independent right to terminate based on a demand

5

for adequate assurance of performance akin to U.C.C. § 2-609.

The Court finds no reason to dismiss the contested allegations because Plaintiffs are attempting to prove an express breach of the agreements. Moreover, Defendants have presented no legal authority to suggest that the express terms of the agreements contravene Mexican public policy to the extent that they would not be enforced under Mexican law. Finally, Defendants have not otherwise argued that the complaint's combined allegations fail to state a claim under *Twombly* and *Iqbal*. For these reasons, the Court denies Defendants' motion for partial dismissal.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendants' motion for partial dismissal [dkt 21] is DENIED.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: August 11, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290