# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,
a Delaware corporation, and GM DE MEXICO
S. DE R.L. DE C.V., a Mexican entity, and
GM OF CANADA LTD., a Canadian entity,

      Plaintiffs/Counter-Defendants,

                                       Case No.  2:08-cv-12671

v.

                                       Hon. Lawrence P. Zatkoff

ALBERT WEBER GMBH,
a German entity, and
WEBER AUTOMOTIVE CORPORATION,
a South Carolina corporation

      Defendants/Counter-Plaintiffs,

and

ALBERT WEBER GMBH, a German entity
and WEBER AUTOMOTIVE CORP. f/k/a
ALBERT WEBER MANUFACTURING CO.,
a South Carolina corporation,

      Defendants/Counter-Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a
Delaware corporation and GM DE MEXICO
S. DE R.L. DE C.V., a Mexican entity,

      Plaintiffs/Counter-Defendants.

---

## STIPULATED ORDER AMENDING SCHEDULING ORDER

                          At a session of the Court held in
                          Port Huron, Michigan on March 17, 2011

              PRESENT:   Hon. Lawrence P. Zatkoff
                            U.S. District Judge

This matter is before the Court on the parties' stipulated request for additional time to complete discovery, file dispositive motions, and for trial. In support of this request, the parties have advised this Court of the following:

1.      The parties acknowledge that they have requested, and the Court has granted, several extensions of the schedule prior to this request. This case, however, has turned out to be a truly extraordinary one.

2.      While this case was filed in 2008, due to the time necessary to serve foreign defendant Albert Weber GmbH and to amend the parties' pleadings, the relevant issues were not finalized until Defendants filed their Amended Counterclaim on October 13, 2009. During the pendency of the case, Plaintiff General Motors Corporation filed for bankruptcy.

3.      Discovery in this matter has been far more expansive and time consuming than any party anticipated when this lawsuit commenced or when this Court issued any of the prior scheduling orders.

4.      Nearly 80 witnesses have information or documents related to the supply program at issue. The witnesses reside in multiple countries, documents are in English, German, and Spanish, third-party suppliers from whom discovery has been sought are located in the United States, Germany, and Mexico, and the parties maintain computer servers with caches of relevant materials in the United States and Germany.

5.      The parties have worked in good faith to cooperate and make good use of the extended deadlines this Court has provided. To this end, the parties have exchanged over 2,000,000 pages of electronic or printed materials.

6.      The parties sought an extension of the scheduled dates in May 2010, and at that time advised the Court of the need for additional time to complete the collection and production

2

of electronically stored information in the United States and overseas. This Court granted the parties' request and extended its scheduling order for a second time on May 27, 2010 (Dkt. 36).

7.     A dispute arose following entry of this Court's May 27, 2010 Amended Scheduling Order wherein Plaintiffs insisted that Defendants voluntarily produce internal e-mail to, from, and amongst its employees in Germany. Defendants objected based on their understanding of the civil and criminal penalties that could follow from violating Germany's Federal Data Protection Act, and their claim that this act generally prohibits disclosure of a German employee's personal data.

8.     Plaintiffs filed a motion to compel production of the data, Defendants responded, and this Court referred the matter to Magistrate Judge Mark A. Randon for resolution.

9.     The Magistrate conducted a hearing on June 8, 2010, and subsequently entered an order to confirm the following schedule of events (Dkt 39):

    a.     Plaintiffs were to provide a list of Defendants' personnel from whom they wanted relevant e-mail on or before June 15, 2010. Plaintiffs complied by identifying 30 current or former employees of Defendants;

    b.     Defendants had until June 29, 2010 to request consent from the listed current and former employees to produce their internal e-mail;

    c.     Defendants had until August 20, 2010 to compile and produce responsive e-mail from its consenting employees and from those employed at its facility in South Carolina (Dkt 41). Defendants generally complied with this requirement. However, additional time was required to address issues regarding production of e-mail from non-consenting current and former employees, resulting in an unexpected delay in the production of the documents.

10.     In order to review and make use of Defendants' internal email, Plaintiffs had to

obtain translations of numerous documents.

11.     The parties had to address protective orders requested by third-parties to obtain subpoenaed documents.  Additional subpoenas to third parties are outstanding.

12.     Witnesses are spread across the globe, and depositions will require both domestic and foreign travel.  The witnesses the parties have identified for depositions are located in at least three states other than Michigan and in at least four other countries.  The parties have had to research the requirements for conducting depositions in other countries and, when the requirements were unduly burdensome, reach agreement on a new location for the depositions. A number of the depositions will require interpreters for the deponents' testimony.

13.     The parties have completed nearly all the discovery activity other than clean up type matters and the depositions.  Each side can depose 12 facts witnesses, the parties have been working to get those scheduled, but have run into scheduling difficulties.  As a result, they require additional time to complete the depositions.

14.     This Court's September 24, 2010 Amended Scheduling Order set a new discovery completion deadline of March 29, 2011 for fact discovery and May 29, 2011 for expert discovery.  Trial is currently set for October 2011.  As a result of the delays and problems discussed above, the parties do not have adequate time to complete the necessary depositions under the current scheduling order.  Accordingly, with the understanding that no further extensions will be requested or granted, the parties request a final three month extension of the remaining dates.

Based on the foregoing, and this Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1.     The dates in the September 24, 2010 Amended Scheduling Order shall be

adjourned to reflect the following dates:

        a.      Fact discovery deadline: June 30, 2011;

        b.      Expert discovery deadline: August 31, 2011;

        c.      Dispositive motion deadline: October 14, 2011;

        d.      Final pretrial/settlement conference:  December 8, 2011 at 10:30 a.m.; and

        e.      Trial:  Set by the Court for January 2012.

2.      All other provisions in this Court's August 6, 2009 Scheduling Order (Dkt. 16) shall remain unchanged.

3.      NO ADDITIONAL EXTENSIONS WILL BE GRANTED BY THE COURT.

                               s/Lawrence P. Zatkoff
                               Hon. Lawrence P. Zatkoff
                               United States District Judge

Dated:  March 17, 2011

The parties to this action, by their respective attorneys, hereby stipulate to entry of the above order.

**HONIGMAN MILLER SCHWARTZ AND COHN, LLP**

By: /s/ Mark A. Stern_____
      Mark A. Stern  (P36812)
      2290 First National Building
      Detroit, Michigan 48226
      (313) 465-7562
      mstern@honigman.com

**BROOKS WILKINS SHARKEY & TURCO, PLLC**

By: /s/ Michael R. Turco_____
      Michael R. Turco (P48705)
      401 S. Old Woodward, Ste. 460
      Birmingham, Michigan 48009
      (248) 971-1713
      turco@bwst-law.com